### CONTINUANCE BEYOND STATUTORY PERIOD.

Circuit Court of Cuyahoga County.

JOSEPH M. CORRIGAN v. JOHN W. MARSHALL.

Decided, May 18, 1908.

*Justices Jurisdiction—Limitation of Time Waived.*

Taking part in a trial before a justice of the peace waives objection to the jurisdiction to hear the case after the time limited by the statute.

· *W. K. Stanley,* for plaintiff in error.
*Burrows & Mason,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The judgment in this case must be affirmed, for it does not appear either from the transcript of the docket of the justice of the peace or the bill of exceptions, that the plaintiff in error did not consent to the continuance of the case beyond the time limited by the statute within which a justice of the peace retains jurisdiction of actions begun before him.

The case had previously been adjourned for more than ninety days, by consent of plaintiff in error, to June 1st, 1906.    The transcript has the following entry for that date:

"June 1, 1906, at 2 P. M., John Brown, J. P., before whom this action was brought, being necessarily absent at the said time appointed for the trial of this action, the undersigned, M. Fred Nellis, justice of the peace of the same township of Cleveland, attended in his behalf at the said time and place set for said trial; whereupon parties present, case called, defendant made a motion to dismiss for want of jurisdiction. Same overruled and to which ruling defendant then and there excepted. Trial had. Plaintiff sworn and examined on his own behalf. Whereupon the case continued to June 5, 1906, at 2 P. M., for further testimony."

The entry of June 5 is as follows:

"June 5, 1906, at 2 P. M. Parties present. Case called. Hearing resumed. J. M. Corrigan sworn and examined on behalf of plaintiff. Whereupon case continued to June 6, 1906, at 9 A. M. for arguments of counsel."

The bill of exceptions shows, among other things, that the following occurred on June 1, 1906:

"The defendant, Joseph M. Corrigan, is in court only for the purpose of acting as a witness for Mary Corrigan, and makes no defense to this action."

At 3 P. M. the court adjourned the case until Tuesday, June 5, at 2 P. M. sharp, without objection from either party.

At the latter date the examination of witnesses was resumed. counsel for Corrigan taking part in cross-examination and no objection was made to the hearing being had at that time.

Our attention is called to an entry on page 9 of the bill of exceptions as follows:

"MR. STANLEY: Mr. Joseph M. Corrigan is here only as a witness and not as a defendant in this action."

This statement was made some time after his counsel had been cross-examining witnesses in the case, and we think it was then too late for the defendant in the case, having entered upon the hearing and participated in it, to thereafter object to the jurisdiction of the court.

It is true that the presence of Corrigan at the trial as a witness would not indicate that he was consenting to the trial going

forward on the 5th day of June, but by his counsel he participated in the trial and made no objection to the jurisdiction of the court.   We think, therefore, that he must be held to have consented to the continuance and to have waived any rights he may have had to object to the jurisdiction of the court.

'However, the judgment is affirmed.